**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERFECTION PRODUCT** | ) | |
| **MANAGEMENT, LLC** | ) | **CASE NO.:** |
| **c/o BDB AGENT CO.** | ) | |
| **3800 Embassy Parkway, Suite 300** | ) | |
| **Akron, Ohio 44333** | ) | **JUDGE:** |
| | ) | |
| **Relator** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| **STANLEY WORKS** | ) | |
| **1000 Stanley Drive** | ) | |
| **New Britain, Connecticut  06053** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

*Qui tam* relator Perfection Product Management, LLC ("PPM"), for its Complaint

against Defendant Stanley Works ("Defendant"), alleges as follows:

## BACKGROUND

1.      This is an action for false patent marking under Title 35, Section 292, of the

United States Code.

2.      Defendant has violated 35 U.S.C. § 292(a) by marking unpatented articles

with the purpose of deceiving the public.  More specifically, with the purpose of deceiving

the public, the Defendant has used in advertising in connection with unpatented products

the word "patent" and/or any word or number importing that the product is patented.

3.      35 U.S.C. § 292 exists to provide the public with notice of a party's patent rights.

4.      False marking deters innovation and stifles competition in the marketplace.  More

specifically, falsely marked articles that are otherwise within the public domain deter potential

competitors from entering the same market and confuse the public.

5.      False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6.      False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7.      False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8.      False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9.      False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10.     35 U.S.C. § 292 specifically authorizes *qui tam* actions.  By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

**THE PARTIES**

11.     PPM is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio  44333.

12.     PPM exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13.     PPM represents the United States and the public, including Defendant's existing and future competitors.

14.     Defendant is a Connecticut corporation with its principal place of business at 1000 Stanley Drive, New Britain, Connecticut  06053.

15.     Defendant regularly conducts and transacts business in Ohio, throughout the United States, and within the Northern District of Ohio, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

16.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Ohio.  Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern District of Ohio.

18.     Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio.  Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20.     PPM brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## FACTS

21.     PPM incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Upon information and belief, Defendant is a large, sophisticated company with a history dating back to 1852, and currently has over 18,000 employees.

23.     Upon information and belief, Defendant had over $4.426 billion in sales in 2008.

24.     Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

25.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, and marking its products with its patents.

26.     Defendant clearly understands the importance of intellectual property in the marketplace and even maintains an Invention and Idea Portal at http://inventions.stanleyworks.com/.

27.     Upon information and belief, throughout its history, Defendant has obtained over 550 issued U.S. patents.

28.     Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with

respect to Defendant's intellectual property, including Defendant's patents.

29.     Given Defendant's extensive patent portfolio and history with intellectual property, Defendant knows that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

30.     Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

31.     Defendant's false marking of its products has wrongfully stifled competition with respect to such products thereby causing harm to PPM, the United States, and the public.

32.     Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

33.     Defendant maintains on its website (http://www.stanleyworks.com/a_governance.asp) a Corporate Governance Document entitled "Business Conduct Guidelines" (the "Guidelines").  The Guidelines state that Defendant "must always [compete vigorously] in strict compliance with all laws and regulations applicable to our activities . . . [and that] it should be understood . . . that this policy  . . . extends to all applicable laws and regulations."

34.     Defendant has not complied with the Guidelines and has, in fact, violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1

## FALSE MARKING

35.     United States Patent No. 4,153,996 (the "'996 Patent"), titled *Coilable Rule With Combination Blade Lock and Shock Absorber Mechanism,* was issued by the United States Patent and Trademark Office ("USPTO") on May 15, 1979.  See  Exhibit A.

36.    The '996 Patent expired in 1999, more than a decade ago.

37.    Upon information and belief, Defendant knew or reasonably should have known that the '996 Patent expired at least as early as 1999.

38.    As of February 25, 2010, Defendant continues to sell or offer for sale at least the following products, each of which is marked with the '996 Patent, despite the fact that the '996 Patent expired more than a decade ago: (i) Stanley PowerLock 25' rule; and (ii) the Stanley PowerLock 30' rule (the "'996 Patent Products").  See Exhibit B (containing a copy of a receipt for each of the products listed in this paragraph, which were purchased in the District on February 25, 2010, and photos of the products).

39.    Upon information and belief, Defendant is selling or offering for sale additional products marked with the '996 Patent, which expired more than a decade ago.

40.    Defendant falsely marked the '966 Patent Products with the '966 Patent, which expired more than a decade ago.

41.    Defendant knew or reasonably should have known that marking the '966 Patent Products with an expired patent is in violation of 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

42.    Defendant intended to deceive the public by marking or causing to be marked the '996 Patent Products with a patent that expired more than a decade ago.

43.    United States Patent No. 4,434,952 (the "'952 Patent"), titled *Power Returnable Coilable Rule Cartridge and Coil Rule Assembly Employing Same,* was issued by the USPTO on March 6, 1984.  See  Exhibit C.

44.    The '952 Patent expired in 2004, more than 5 years ago.

45.    Upon information and belief, Defendant knew or reasonably should have known that

the '952 Patent expired at least as early as 2004.

46.      As of February 25, 2010, Defendant continues to sell or offer for sale at least the following products, each of which is marked with the '952 Patent, despite the fact that the '952 Patent expired more than 5 years ago: (i) Stanley PowerLock 25' rule; and (ii) the Stanley PowerLock 30' rule (the '"952 Patent Products").  See Exhibit B (containing a copy of a receipt for each of the products listed in this paragraph, which were purchased in this District on February 25, 2010).

47.      Upon information and belief, Defendant is selling or offering for sale additional products marked with the '952 Patent, which expired more than 5 years ago.

48.      Defendant falsely marked the '952 Patent Products with the '952 Patent, which expired more than 5 years ago.

49.      Defendant knew or reasonably should have known that marking the '952 Patent Products with an expired patent is in violation of 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

50.      Defendant intended to deceive the public by marking or causing to be marked the '952 Patent Products with a patent that expired more than a decade ago.

## PRAYER FOR RELIEF

WHEREFORE, Relator requests the Court, pursuant to 35 U.S.C. § 292, to

A.      Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.      Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

C.       Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Relator;

D.       Enter a judgment and order requiring Defendant to pay Relator prejudgment and post-judgment interest on the damages awarded;

E.       Order Defendant to pay Relator's costs and attorney fees; and

F.       Grant Relator such other and further relief as it may deem just and equitable.


## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.


DATED:  March 3, 2010                    Respectfully submitted:


                                         */s/ Mark J. Skakun*
                                         Mark J. Skakun, III (No. 0023475)
                                         David J. Hrina (No. 0072260)

                                         BUCKINGHAM, DOOLITTLE &
                                         BURROUGHS, LLP
                                         3800 Embassy Parkway
                                         Suite 300
                                         Akron, OH 44333
                                         Telephone: (330) 376-5300
                                         Facsimile: (330) 258-6559

                                         Counsel for Plaintiff
                                         Perfection Product Management, LLC

«AK3:1020504_v1»